**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID E.,

                            Plaintiff,

                                                                    5:20-CV-466

          v.                                                    (DJS)

ANDREW SAUL, *Comm'r of Soc. Sec.*,

                            Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

LEGAL AID SOCIETY                    ELIZABETH V. LOMBARDI, ESQ.
OF MID-NEW YORK, INC.
Attorney for Plaintiff
221 South Warren Street
Suite 310
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.      LISA SMOLLER, ESQ.
Attorney for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER[1]

      Currently before the Court, in this Social Security action filed by Plaintiff David

E. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 3 & General Order 18.

- 1 -

the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 12.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision denying Plaintiff disability benefits is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on December 28, 1968, making him 48 years old on the date he applied for disability, and 50 years old at the date of the ALJ's decision. Dkt. No. 10, Admin. Tr. ("Tr."), p. 83. Plaintiff reported completing high school. Tr. at p. 56. He has past work as an auto mechanic and palletizer. Tr. at pp. 56-60. Plaintiff alleged disability due to bipolar, panic disorder, anxiety, OCD, and explosive disorder. Tr. at p. 256.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on February 6, 2017, alleging an onset date of August 13, 2012. Tr. at pp. 82 & 85. His application was denied. Tr. at p. 83. Plaintiff requested a hearing, and a hearing was held on January 15, 2019 before Administrative Law Judge ("ALJ") Michael D. Burrichter at which Plaintiff was accompanied by a representative and testified. Tr. at pp. 49-81. The ALJ issued a determination on February 6, 2019, finding Plaintiff was not disabled since the date of his application. Tr. at pp. 15-37. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on March

16, 2020.  Tr. at pp. 1-6.  Plaintiff filed his Complaint in this action on April 23, 2020. Dkt. No. 1.

### C.  The ALJ's Decision

In his decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.  Tr. at p. 20.  The ALJ next found that Plaintiff had not engaged in substantial gainful activity since August 13, 2012, the alleged onset date.  *Id.*  Next, the ALJ found that Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome and neuropathy of right upper extremity, obesity, depression, bipolar, anxiety, panic disorder, obsessive compulsive disorder (OCD), intermittent explosive disorder, borderline personality disorder, post-traumatic stress disorder (PTSD), and polysubstance use.  *Id.*  Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 22.  Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except

> he can lift and carry up to 50 pounds occasionally and lift or carry up to 25 pounds frequently; stand and/or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday.  The claimant can occasionally climb ladders, ropes and scaffolds.  The claimant can occasionally work at unprotected heights or with moving mechanical parts. The claimant can occasionally reach overhead and frequently reach in all other directions with the right upper extremity.  The claimant can frequently handle, finger and feel bilaterally.  The claimant is able to understand, remember, and carry out simple, routine and repetitive tasks in a work environment with no fast-paced production requirements involving only simple work-related decisions, and with only occasional judgment and

work place changes. The claimant can occasionally respond to and have interaction with supervisors and coworkers, and never with the general public.

Tr. at p. 24. Next, the ALJ found that Plaintiff was capable of performing past relevant work as a palletizer as it is generally performed. Tr. at p. 30. The ALJ also made the alternative finding that considering Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that he can perform. Tr. at p. 31. Finally, the ALJ concluded that Plaintiff has not been under a disability from August 13, 2012 through the date of his decision. Tr. at p. 32.

### D. The Parties' Briefings on Their Cross-Motions

In his Motion for Judgment on the Pleadings, Plaintiff contends that the ALJ erred by (1) improperly weighing the opinion of Dr. Woznicki, Plaintiff's treating physician; (2) improperly cherry picking from the opinion of Dr. Noia, the psychiatric consultative examiner; and (3) finding that Plaintiff's testimony was inconsistent with the evidence in the record. Dkt. No. 11, Pl.'s Mem. of Law. In response, Defendant contends that the ALJ properly evaluated the evidence in the record and that his determination was supported by substantial evidence. Dkt. No. 12, Def.'s Mem. of Law.

## II.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's

determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its

own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520 & 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.  ANALYSIS

### A.  The ALJ's Weighing of Dr. Woznicki's Opinion

Plaintiff first contends that the ALJ failed to properly weigh the opinion of Plaintiff's treating physician, Dr. Woznicki.

The Second Circuit has long recognized the "treating physician rule" set forth in 20 C.F.R. §§ 416.927(c) & 404.1527(c). "[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) & 20 C.FR. § 404.1527(c)(2)) (internal quotation marks omitted). However, "the opinion of the treating physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3.d 28, 32 (2d Cir. 2004). In deciding how much weight to afford the opinion of a treating physician, the ALJ must "'explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist.'" *Greek v. Colvin*, 802 F.3d at 375 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)).

Where the ALJ's reasoning and adherence to the regulation is clear, and it is obvious that the "substance of the treating physician rule was not traversed," no "slavish recitation of each and every factor" of 20 C.F.R. §§ 416.927 & 404.1527(c) is required. *Atwater v. Astrue*, 512 Fed Appx. 67, 70 (2d Cir. 2013) (citing *Halloran v. Barnhart*, 362 F.3d at 31-32).

In *Estrella v. Berryhill*, the Second Circuit more recently addressed an ALJ's failure to "explicitly" apply the regulatory factors set out in *Burgess* when assigning weight to a treating physician's opinion. 925 F.3d 90 (2d Cir. 2019). In *Estrella*, the Court explained that such a failure is a procedural error and remand is appropriate "[i]f 'the Commissioner has not [otherwise] provided 'good reasons' [for its weight assignment][.]'" 925 F.3d at 96 (alteration in original) (quoting *Halloran v. Barnhart*, 362 F.3d at 32). The Court further clarified that "[i]f, however, 'a searching review of the record' assures us 'that the substance of the treating physician rule was not traversed,' we will affirm." *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d at 32). The Court also noted the question of "whether 'a searching review of the record . . . assure[s us] . . . that the substance of the . . . rule was not traversed'" is "whether the record otherwise provides 'good reasons' for assigning 'little weight' to [the treating psychiatrist's] opinion." *Id.*

The Second Circuit recently reiterated its *Estrella* findings in *Ferraro v. Saul*, finding that the ALJ did not explicitly consider the frequency, length, nature, and extent of treatment that the claimant had with his treating physicians, did not otherwise provide "good reasons" for assigning reduced weight to the opinions of those physicians, and a

searching review of the record did not assure the Court that the substance of the treating physician rule was not traversed.  806 Fed. Appx. 13, 15-16 (2d Cir. 2020).

Here, the ALJ gave Dr. Woznicki's opinion partial weight, noting that

> Dr. Woz[]nicki is a treating source and their opinion of marked limitations in adaptation and moderate limitations in social functioning, understanding, and remembering, and concentration, persistence, or pace are consistent with treatment notes and reported activities of daily living.  However, the extreme limitations or the marked and extreme limitations in areas other than adaptation are not supported by the previously discussed evidence, which shows the claimant continued to do tattoo work, cared for numerous pets and a girlfriend, regularly attended appointments, improved with conservative treatment, does all the chores at home including cleaning/laundry/meal preparation, drives, goes to the store once a week at night to avoid people, and uses the Internet for Facebook.

Tr. at p. 29.  The ALJ considered some of the factors, then, noting that Dr. Woznicki is a treating physician, and briefly assessing the consistency of the opinion with treatment notes and Plaintiff's activities of daily living.  However, as in *Ferraro*, the ALJ only acknowledged that Dr. Woznicki had a treating relationship with Plaintiff; the Second Circuit explained there that "merely acknowledging the existence of treatment relationships is not the same as explicitly considering 'the frequency, length, nature, and extent of treatment.'"  *Ferraro v. Saul*, 806 Fed. Appx. at 15.  In *Ferraro*, the Court noted this was "particularly true where, as here, the relationships involved dozens of appointments over nearly two years, and the doctors worked continuously with the patient to develop and monitor the success of various treatment plans."  *Id.*  This same concern is present here: Dr. Woznicki saw Plaintiff weekly or bi-weekly from September of 2012 through the date of the opinion, which was signed in April and May of 2017.  Tr. at pp. 407-412; *see also generally* Tr. at pp. 361-383, 626-850.

The Court does not find that the ALJ's brief discussion of Plaintiff's activities of daily living constitutes sufficiently "good reasons" for assigning reduced weight to the opinion, and a searching review of the record does not assure the Court that the substance of the treating physician rule was not traversed. This is particularly so in light of the fact that "[w]here mental health treatment is at issue, the treating physician rule takes on added importance." *Bodden v. Colvin*, 2015 WL 8757129, at *9 (S.D.N.Y. Dec. 14, 2015). As such, this matter must be remanded for a further analysis of Dr. Woznicki's opinion.

## B.  Plaintiff's Remaining Contentions

Plaintiff also contends that the ALJ improperly cherry picked the opinion of Dr. Noia. In particular, Plaintiff contends that it was improper for the ALJ to find Plaintiff was less limited in social functioning than Dr. Noia opined, based on his activities of daily living and social activities. Pl.'s Mem. of Law at p. 15; *see* Tr. at pp. 28 & 388. These issues – Plaintiff's social functioning and the implications of his activities of daily living – are the same with which Plaintiff takes issue in the ALJ's analysis of his treating physician's opinion. Because this case is being remanded and these items may be dependent upon the ALJ's treatment of the treating physician opinion on remand, the Court declines to reach this issue. Similarly, the Court declines to make a determination regarding Plaintiff's argument that the ALJ has substituted his interpretation for competent medical opinion because he afforded little or partial weight to all of the opinions of record, Pl.'s Mem. of Law at pp. 15-16, because any finding on this argument will vary depending on the weight given to Dr. Woznicki's opinion on remand.

Finally, Plaintiff contends that the ALJ erred by finding that Plaintiff's testimony was inconsistent with the evidence in the record. Pl.'s Mem. of Law at pp. 16-19. Plaintiff contends that the ALJ did not properly articulate how he evaluated Plaintiff's symptoms and credibility, improperly relying on Plaintiff's activities of daily living and failing to consider the credibility factors provided for in the regulations. Again, because any analysis on this issue may vary depending upon the ALJ's evaluation of the opinion evidence on remand, the Court does not reach this argument.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: April 16, 2021
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge